IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:07-CR-28-FL-1
4:13-CV-263-FL

| | |
|---|---|
| SHAQUAN ANTREE SNEED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on the petitions[1] by pro se petitioner Shaquan Antree Sneed ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). Petitioner filed his first petition (D.E. 44) on 12 November 2013. On 22 October 2014, the court found that the form of the petition did not "substantially follow the form appended to the Rules Governing § 2255 Proceedings and Local Civil Rule 81.2" and directed petitioner to complete and return the appropriate form. D.E. 46. On 9 December 2014, petitioner filed a second petition[2] complying with the court's order. D.E. 51 to D.E. 51-6. The case is also before the court on the government's motion to dismiss or, in the alternative, for summary judgment. D.E. 56. These matters have been briefed (*see* D.E. 51-1 (pet'r); 57 (gov't)), and were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules") *(see* D.E. dated 1 Apr. 2015). For the reasons stated herein, it will be

---

[1] The court uses the terms "petition" and "motion" interchangeably herein to refer to petitioner's requests under § 2255 and such requests generally.

[2] Because petitioner was ordered to refile his petition, the court will not treat his second filing as a successive § 2255 petition although the claims in the second petition are different from those put forth in the first petition.

recommended that the government's motion to dismiss be granted and that the petitions be dismissed.

## BACKGROUND

I. **PETITIONER'S CONVICTION AND SENTENCE**

On 10 May 2007, petitioner was charged in a nine-count indictment (D.E. 1) with the following: (1) conspiracy to distribute and possess with the intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base (*i.e.*, "crack"), from 2005 to 5 October 2006, in violation of 21 U.S.C. § 846 (count one); (2) distributing a quantity of cocaine and more than five grams of crack, on or about 18 April 2006, in violation of 21 U.S.C. § 841(a)(1) (count two); (3) distributing more than five grams of crack, on or about 21 April 2006, 27 April 2006, 2 May 2006, 11 May 2006, and 18 May 2006, in violation of 21 U.S.C. § 841(a)(1) (counts three through seven, respectively); (4) distributing more than 50 grams of crack, on or about 13 July 2006, in violation of 21 U.S.C. § 841(a)(1) (count eight); and (5) possessing with the intent to distribute a quantity of cocaine, on or about 5 October 2006, in violation of 21 U.S.C. § 841(a)(1) (count nine).

On 17 July 2007, pursuant to a plea agreement (D.E. 19), petitioner pleaded guilty to count one of the indictment with the remaining counts to be dismissed at sentencing. *See* D.E. 17. At sentencing on 15 October 2007 (*see* D.E. 21), the court granted the government's motion for a downward departure (D.E. 20) and sentenced petitioner to a term of 195 months' imprisonment and five years' supervised release (*see* J. (D.E. 22) 1-3).[3] Counts two through nine were dismissed. J. 1. Petitioner did not appeal his conviction.

---

[3] Citations herein to page numbers in all documents in the record are to those assigned by the court's CM/ECF electronic filing system.

## II. PETITIONER'S POST-CONVICTION MOTIONS

On 1 July 2009, the court entered an order (D.E. 27) granting petitioner's motion (D.E. 25) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10(c); lowered his offense level by one level from 35 to 34; and reduced his term of incarceration from 195 months to 175 months. On 23 July 2009, petitioner filed a pro se motion (D.E. 28) seeking reconsideration of the 1 July 2009 order and a two-level reduction in his offense level instead of only the one-level reduction allowed. On 21 August 2009, the court denied the motion. *See* D.E. 29.

On 4 November 2011, petitioner filed a pro se motion for a reduction of his sentence under the Fair Sentencing Act of 2010 (D.E. 30) and on 16 November 2011, a motion to modify this motion (D.E. 31). On 11 December 2013, the Federal Public Defender's Office appeared on petitioner's behalf pursuant to Standing Order 11-SO-01 (D.E. 38), but was allowed to withdraw its appearance on 4 April 2014 (*see* D.E. 41 (allowing withdrawal motion at D.E. 40)). On 2 May 2014, the court denied petitioner's motions for a sentence reduction and modification of that motion. *See* D.E. 43.

On 22 June 2012, petitioner filed a motion (D.E. 33) to compel the government to file a motion pursuant to Federal Rule of Criminal Procedure 35(b), which provides for reduction of a sentence based on the provision of substantial assistance to the government in investigating or prosecuting one or more other persons. The court denied the motion on 16 August 2016. *See* D.E. 37. On 12 November 2013, petitioner filed his first § 2255 petition.

On 4 December 2014, petitioner filed a motion to appoint counsel to determine his eligibility to receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). D.E. 49. Petitioner filed his second petition on 9 December 2014. D.E. 51. On 8 May 2015, the Federal

3
Case 4:07-cr-00028-FL   Document 79   Filed 03/08/17   Page 3 of 18

Public Defender's Office entered an appearance for petitioner, but withdrew it with leave of court the same day. *See* D.E. 61 to 63. On 11 May 2015, the court denied petitioner's motion to appoint counsel (*see* D.E. 65), and on 2 June 2015, petitioner appealed the decision to the Fourth Circuit (*see* D.E. 67). On 29 July 2015, the Fourth Circuit dismissed petitioner's appeal for failure to prosecute. *See* D.E. 74.

### III. THE § 2255 PETITIONS

In his first petition, executed under penalty of perjury,[4] petitioner alleges that: (1) the court erred in imposing a two-level enhancement in his offense level for relevant conduct, namely, possessing a firearm during drug transactions in 2001 (1st Pet. 3) ("Ground 1"); *see* Presentence Investigation Report ("PSR") ¶ 37; (2) the PSR was wrongfully presented to the court because in making his finding about petitioner's firearm possession, the probation officer improperly relied on the statements about such possession by a convicted felon witness without verifying them (1st Pet. 4) ("Ground 2"); *see* PSR ¶ 9; and (3) petitioner received ineffective assistance of counsel because his attorney failed: (a) to object to erroneous findings in the PSR, apparently including the finding that petitioner possessed a firearm during drug transactions in 2001; (b) to raise defenses to the probation officer's not verifying the information in the erroneous findings; (c) to investigate the witness to the firearm possession; and (d) to object to the court's reliance at sentencing on the information about petitioner's alleged firearm possession (1st Pet. 4) ("Ground 3").

---

[4] *See* 28 U.S.C. § 1746 (providing that in federal cases a writing containing the signed statement in substantially the form "I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct" shall be of like force and effect as if sworn); *Matsuda v. Wada*, 101 F. Supp. 2d 1315, 1322-23 (D. Hawaii 4 Aug. 1999) (finding sufficient under 28 U.S.C. § 1746 the statement that "I declare under penalty of perjury that the foregoing is true and correct.").

Petitioner's second petition consists of a § 2255 petition form (D.E. 51) executed under penalty of perjury, which does not contain petitioner's substantive allegations, and an accompanying memorandum ("pet'r's mem.") (comprising pp. 1-14 of D.E. 51-1) not executed under penalty of perjury, which does set out his allegations as well as argument. Appended as exhibits to petitioner's memorandum are a declaration by him (erroneously denominated an affidavit) (D.E. 51-3); and two emails, each containing a news article or portion thereof (D.E. 51-4; 51-5).

In his second petition, petitioner asserts allegations different from those in his first petition, as follows: (1) petitioner's guilty plea was involuntary due to the misconduct of an investigating officer, Detective Rose Edmonds (Pet'r's Mem. 2-4) ("Ground 4"); (2) aspects of the crime for which he was sentenced and of the relevant conduct of firearm possession were not proven beyond a reasonable doubt to a jury and were not stipulated to within the plea agreement (Pet'r's Mem. 5-6) ("Ground 5"); and (3) no document in the record demonstrates that he had a felony controlled substance offense as part of his criminal history, and the court therefore abused its discretion in imposing a sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (Pet'r's Mem. 7-14) ("Ground 6").

## APPLICABLE LEGAL PRINCIPLES

### I. STANDARD OF REVIEW FOR § 2255 PETITIONS

Pursuant to § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, "to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors . . . or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," the latter ground known as the miscarriage of justice gateway. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000). One way for a petitioner to demonstrate that a miscarriage of justice would result is to show "actual innocence by clear and convincing evidence." *Id.* at 493. A petitioner may overcome statutory bars, such as the § 2255(f)(4) time limit, using the miscarriage of justice exception in the context of actual innocence of conviction. *United States v. Jones*, 758 F.3d 579, 584 (4th Cir. 2014) (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013)). For a petitioner to establish that he is actually innocent, he must show that "'it was more likely than not that no reasonable juror would have convicted him.'" *Bousely v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

6

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schulp*, 513 U.S. at 324. "[C]laims of actual innocence are rarely successful," *id.*, and "should not be granted casually," *Wilson v. Green*, 155 F.3d 396, 404 (4th Cir. 1998).

"In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. 25 Oct. 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Generally, an evidentiary hearing is required under § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

## II. MOTIONS TO DISMISS UNDER RULE 12(b)(6) IN § 2225 PROCEEDINGS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 motion. *See United States v. Reckmeyer*, No. 89-7598, 1990 WL 41044, at *4 (4th Cir. 2 Apr. 1990); Rule 12, § 2255 Rules (expressly permitting application of the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules"); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions"); *see also Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (vacating district court's order allowing the government's motion to dismiss petitioner's motion under 28 U.S.C. § 2254 ("§ 2254")[5] because the district court did not

---

[5] The Federal Rules of Civil Procedure may also be applied to § 2254 motions. *See* Rule 12, Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 81(a)(4).

7

properly apply the Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition).

A motion to dismiss should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged pleading. *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Kolon Indus., Inc.*, 637 F.3d at 440 (citing *Nemet Chevrolet Ltd.*, 591 F.3d at 253). However, case law requires that the factual allegations create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Iqbal*, 556 U.S. at 679). The allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Likewise, a pleading purporting to assert a claim is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)).

III. **SUMMARY JUDGMENT STANDARD**

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). A motion for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996). The burden is on the moving party to establish the absence of genuine issues of material fact, and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the nonmoving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The nonmoving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id.* In the sentencing context, "[p]rejudice exists when an error results in a longer sentence than would otherwise have been imposed. *United States v. Smith*, 497 F. App'x 269, 272 (4th Cir. 2012). With respect to a guilty plea, a petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## DISCUSSION

### I. ABSENCE OF NEED FOR AN EVIDENTIARY HEARING

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

### II. UNTIMELINESS OF THE PETITIONS

Petitioner's claims fail because they are untimely. Pursuant to § 2255(f)(1), petitioner had one year to file a petition from the date on which his judgment of conviction became final. Here, petitioner had 14 days after the district court entered its judgment on petitioner's sentence on 15 October 2007 in which to file an appeal, which was 29 October 2007 (*see* D.E. 22). *See* Fed. R. App. P. 4(b)(1)(A) (requiring a defendant to file a notice of appeal within 14 days after the entry of judgment). The district court's judgment therefore became final the following day, 30 October 2007, and petitioner's § 2255 petition had to be filed a year later, by 30 October 2008. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (pursuant to

10
Case 4:07-cr-00028-FL   Document 79   Filed 03/08/17   Page 10 of 18

§ 2255(f)(1), petitioner "was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review" (citing *Clay v. United States*, 537 U.S. 522, 532 (2003))). Petitioner did not file his first petition until more than five years after the 30 October 2008 deadline, on 12 November 2013, and his second petition until more than six years after the deadline, on 9 December 2014.

None of the other provisions in § 2255(f) apply to provide a longer deadline. There is no allegation that the government impeded petitioner's ability to file either of his § 2255 petitions, rendering § 2255(f)(2) inapplicable. Nor are petitioner's petitions based upon a newly recognized right made retroactively applicable by the Supreme Court pursuant to § 2255(f)(3). *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012).

Petitioner does appear to rely on § 2255(f)(4), providing that the petition filing deadline is one year from the date on which supporting facts could have been discovered through due diligence, specifically, newly discovered facts regarding misconduct of Detective Edmonds. Petitioner asserts in his memorandum that Detective Edmonds falsified records to say that petitioner sold crack cocaine, when he actually sold cocaine, and that petitioner sold cocaine, when he actually sold baking powder. Pet'r's Mem. 3. In an apparent effort to support this argument, he states in his declaration that Detective Edmonds "falsified all of the records by changing the substance to Crack Cocaine to make my case a federal case." Pet'r's Decl. ¶ 3. He also states in his declaration that he sold "counterfeit substances," albeit without identifying in this document what the substances actually were. *Id.*

In addition, petitioner relies on the two emails appended to his memorandum, each appearing to contain a news article or portion thereof regarding Detective Edmonds' criminal

Case 4:07-cr-00028-FL   Document 79   Filed 03/08/17   Page 11 of 18

conduct. One article (D.E. 51-4) details how Detective Edmonds was indicted on two counts each of breaking and entering, obtaining property by false pretenses, and larceny after breaking and entering. The other article (D.E. 51-5) reports that Detective Edmonds pleaded guilty to "three felony counts of altering, destroying or stealing evidence." Petitioner does not allege that Detective Edmonds was indicted for or pleaded guilty to crimes specific to the investigation of the charges against him or his conviction.

Petitioner's contention under § 2255(f)(4) fails. He would have known or through reasonable diligence could have discovered at the inception of the case against him the nature of the substances he sold—that is, whether they were cocaine, crack, or counterfeit substances— and the purported falsification of the records by Detective Edmonds. Information on these matters was also developed and made available during the course of case proceedings, including in the PSR, issued in October 2007, which details the types of substances he sold and the quantities of them attributable to him. *See* PSR ¶ 1-11, 36. Thus, petitioner obviously knew or could have discovered the nature of the substances he sold and the contents of Detective Edmonds' records much longer than a year before petitioner filed his second petition in October 2014, in which he raised the issue of Detective Edmonds' purported misconduct for the first time.

The articles regarding Detective Edmonds do not salvage his contention. The article about Detective Edmonds' convictions states that they occurred in October 2013. *See* D.E. 51-5. This is more than one year before petitioner filed his second petition

The other article does not provide a date on which Detective Edmonds appeared on the breaking and entering and related charges, but the court takes judicial notice that it occurred in April 2013. *See* Fed. R. Evid. 201; WITN Greenville, N.C. Television Station, "NEW INFO:

Former Greenville Detective Accused Of Stealing $9,100 In Cash," http://www.witn.com/home/headlines/Former-Greenville-Detective-Indicted-By-Grand-Jury-202008621.html (posted 8 Apr. 2013; updated 9 Apr. 2013). This, too, is more than a year before petitioner filed his second petition.

Petitioner's claim concerning Detective Edmond's misconduct in his second petition does not relate back to the date the first § 2255 petition was filed. The reason is that the misconduct arises from "separate occurrences of 'both time and type'" from those underlying the claims in the first petition. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (concluding new claims do not relate back to original § 2255 petition and were thus untimely).

By alleging he sold counterfeit drugs and not those for which he was convicted, petitioner also seems to make a claim of actual innocence, implicating the miscarriage of justice exception to procedural and statutory bars. *See Jones*, 758 F.3d at 583; *see also McQuiggin*, 133 S. Ct. at 1932-34 (allowing an actual innocence claim to proceed in the face of a statutory time bar). However, petitioner has not adequately asserted a claim for actual innocence.

Petitioner relies, in part, on his self-serving statement in his declaration that he sold counterfeit drugs and that Detective Edmonds falsified the records of his drug transactions. Pet'r's Decl. ¶ 3. Such a conclusory statement is insufficient to excuse his failure to timely file his petition. *Sparks v. Perry*, No. 5:14-HC-2096-FL, 2015 WL 4638291, *5 (E.D.N.C. 4 Aug. 2015) (citing *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152 (1996)); *see, e.g., Turner v. Dir., Va. Dep't of Corr.*, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. 6 Dec. 2013) ("Here, petitioner's conclusory arguments that new evidence of some ill-defined 'fraud' by the Commonwealth undermines the validity of his convictions, . . . falls short of meeting this exacting standard. Therefore,

petitioner's reliance on *McQuiggin* to overcome the untimeliness of this petitioner is unavailing."), *appeal dismi*ssed, 591 F. App'x 217 (4th Cir. 2015); *see also Butler v. Estes*, No. 6:15-CV-0162, 2015 WL 3626649, at *6 (N.D. Ala. 10 June 2015) ("Butler's showing, including the affidavits, does not come close to warranting an evidentiary hearing on actual innocence. Butler's own self-serving, conclusory, and belated protests of innocence despite his guilty plea are not themselves the stuff of which *McQuiggin* gateway claims are made." (citations omitted)). The news articles petitioner filed, which concern misconduct by Detective Edmonds not related to his case, do not otherwise show that he qualifies for the miscarriage of justice gateway.

Lastly, petitioner has not demonstrated circumstances entitling his claims to equitable tolling of the limitations period. An otherwise time-barred petitioner is entitled to equitable tolling in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently and (2) extraordinary circumstances stood in his way and prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner has not shown that he meets either of these requirements. The history of proceedings in this case, as previously discussed, demonstrates that petitioner has been dilatory, not diligent, in pursuing his rights. In addition, there is no evidence of extraordinary circumstances preventing him from timely filing.

The court concludes that petitioner's petitions failed to satisfy the one-year deadline in § 2255(f)(1). The petitions should accordingly be dismissed as untimely.

14
Case 4:07-cr-00028-FL Document 79 Filed 03/08/17 Page 14 of 18

## III. MERITLESSNESS OF PETITIONER'S CLAIMS

Independent of their tardiness, petitioner's claims are subject to dismissal for lack of merit.

### A. First Petition

The claims raised in Ground 1, challenging the two-level enhancement in offense level, and Ground 2, challenging inclusion in the PSR of information about petitioner's alleged firearm possession, were both known to defendant at the time of his guilty plea and are therefore barred by the waiver provision in his plea agreement. *See* Plea Agree. ¶ 2.c.

In Ground 3, as noted, petitioner alleges that he received ineffective assistance of counsel because his attorney failed: (1) to object to erroneous findings in the PSR, apparently including the finding that petitioner possessed a firearm during drug transactions in 2001; (2) to raise defenses to the probation officer's not verifying the information in the erroneous findings; (3) to investigate the witness to the firearm possession; and (4) to object to the court's reliance at sentencing on the information about petitioner's alleged firearm possession. 1st Pet. 4. These allegations suffer from multiple fatal flaws.

Petitioner fails, for example, to identify specifically the erroneous findings to which he refers in the PSR, at least beyond the finding on petitioner's firearm possession. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of habeas action appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"); *see also United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petitioner may be disposed of without further investigation by the District Court." (citations and internal quotations marks omitted)).

In addition, to the extent that petitioner is alleging that his counsel did not object or raise defenses to the PSR, the allegation is simply wrong. His counsel asserted multiple objections. *See* PSR Addendum (comprising pp. 14-16 of D.E. 77) ¶¶ 1-10. They included objections to reliance on any acts between petitioner and the witness on the grounds that they occurred outside the statute of limitations and the witness lacked credibility. PSR Addendum ¶ 1.

Petitioner's claim that his attorney failed to investigate the witness to petitioner's firearm possession fails because to prevail on such a claim a petitioner must identify what an adequate investigation would have revealed. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence of testimony would have been produced." (citing *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990))). Petitioner made no showing of what a purportedly proper investigation would have revealed here.

For comparable reasons, the allegation that the probation officer did not verify information in the PSR is meritless. Petitioner does not show what purportedly proper verification would have shown.

### B. Second Petition

Ground 4, alleging prosecutorial misconduct based on the alleged falsification of records by Detective Edmonds fails, in part, because it constitutes a bare allegation and does not include supporting evidence. In addition, such misconduct would have been known to petitioner at the time of his guilty plea and therefore any claim based on it is barred by the waiver in the plea agreement. PSR ¶ 2.c. Specifically, as noted, aside from any personal knowledge of what substances he sold, the PSR specifies in detail such substances and the amount of each for which

petitioner was responsible. PSR ¶ ¶ 1-11, 36. He could have discerned from this information record falsification by Detective Edmonds.

The claims raised in Ground 5, that aspects of the offense of conviction and relevant conduct of firearm possession were not lawfully established, and Ground 6, that the record does not show that petitioner had a felony drug offense and his purported sentencing under the ACCA was therefore improper, are barred by the appeal waiver provision in the plea agreement. *See* Plea Agree ¶ 2.c. They amount to a challenge to his conviction and sentence based on grounds of which he had knowledge at the time of his guilty plea.

Ground 6 is also meritless because it rests on the assumption that petitioner was sentenced under the ACCA. He was not. The ACCA applies to convictions under 18 U.S.C. § 922(g). *See* 18 U.S.C. § 924(e). Petitioner's offense of conviction was, of course, violation of 21 U.S.C. § 846. *See* J. 1. The ACCA was therefore not applicable to his sentence.

For the foregoing reasons, the court concludes, in the alternative, that petitioner's claims should be dismissed because they are without merit.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the government's motion (D.E. 56) to dismiss or for summary judgment be GRANTED, and petitioner's § 2255 petitions (D.E. 44; 51 to 51-6) be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 22 March 2017 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject,

or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

There shall be no responses to objections absent leave of court.

SO ORDERED, this 8th day of March 2017.

James E. Gates
United States Magistrate Judge